IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OSVALDO MORALES TORRES<br><br>Plaintiff<br><br>vs<br><br>UNITED STATES OF AMERICA<br><br>Defendant | CIVIL 16-2118CCC<br><br>(Related Cr. 12-0095-04CCC) |

**OPINION AND ORDER**

Pending before the Court are the following motions: (a) Osvaldo Morales Torres' ("Petitioner" or "Morales Torres") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**); (b) the United States of America's ("Respondent" or "the Government") Motion to Dismiss Petitioner's Successive Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (**d.e. 4**); (c) Petitioner's *pro se* Motion in Support of 28 U.S.C. § 2255 and Opposition to Government's Motion to Dismiss (**d.e. 5**); (d) Petitioner's *pro se* Supplemental Authority in Support of 28 U.S.C. § 2255 (**d.e. 6**); (e) The Federal Public Defender's (FPD) Motion [to supplement Morales Torres'] Motion to Correct Sentence Under 28 U.S.C. § 2255 and Motion to Stay Pending Authorization from Circuit (**d.e. 8**); (f) Petitioner's *pro se* Supplemental Authority in Support of 28 U.S.C. § 2255 (**d.e. 10**); (g) Petitioner's *pro se* Supplemental Authority in Support of

28 U.S.C. § 2255 (**d.e. 11**). For the reasons discussed below, the Court hereby ORDERS that the Petition be DISMISSED.

I. **BACKGROUND**

On February 10, 2012, Morales Torres was charged in the instant criminal case, along with three (3) other co-defendants, in a three-count Indictment (Criminal 12-0095CCC, d.e. 15).[1]

Count One (1) charged that on or about January 27, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [4] Osvaldo Morales Torres, and three other co-defendants, did conspire to obstruct, delay, and affect commerce as that term is defined in Title 18 United States Code § 1951; that is, the defendants did conspire to rob the El Rey gas station in Juana Díaz, Puerto Rico and knowingly, willfully, and unlawfully take and obtain personal property from the person and in the presence of another, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person. All in violation of Title 18 United States Code § 1951 (Criminal 12-0095CCC, d.e. 15 at pp. 1-2).

Count Two (2) charged that on or about January 27, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [4] Osvaldo Morales

---

[1] Petitioner was charged in all three counts.

Torres, and three other co-defendants, aiding and abetting each other, did obstruct, delay, and affect commerce as that term is defined in Title 18 United States Code § 1951, that is, the defendants did knowingly, willfully, and unlawfully take and obtain personal property consisting of approximately $425.00 in U.S. currency, a cell phone, beer, and cigarettes, from the person and in the presence of JST, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person. All in violation of Title 18 United States Code §§ 1951 and 2 (Criminal 12-0095CCC, d.e. 15 at p. 2).

Count Three (3) charged that charged that on or about January 27, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [4] Osvaldo Morales Torres, and three other co-defendants, aiding and abetting each other, did knowingly possess a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with commerce by robbery, as set forth in Count One and Two, in violation of Title 18 United States Code § 1951. All in violation of Title 18 United States Code §§ 924(c)(1)(A) and 2; and Pinkerton v. United States, 328 U.S. 640 (1946) (Criminal 12-0095CCC, d.e. 15 at p. 3).

On April 13, 2012, Morales Torres pled guilty to Counts One and Three of the Indictment (Criminal 12-0095CCC, d.e. 52). On September 6, 2012,

Morales Torres was sentenced to a term of imprisonment of 54 months as to Count One and 60 months as to Count Three, to be served consecutively with each other for a total term of imprisonment of 114 months (Criminal 12-0095CCC, d.e. 125). Judgment was entered on September 10, 2012 (Criminal 12-0095CCC, d.e. 126). On September 6, 2012, Morales Torres filed a Notice of Appeal (Criminal 12-0095CCC, d.e. 120). On September 14, the First Circuit Court issued its Judgment in which it concluded that the District Court's "sentencing methodology was procedurally and substantively sound and that the district court did not abuse its discretion by imposing the sentence it did." (Criminal 12-0095CCC, d.e. 163). Morales Torres did not file a petition for writ of certiorari before the Supreme Court.

On March 24, 2015, Morales Torres filed a first motion pursuant to 28 U.S.C. § 2255 alleging that his plea agreement was breached and that his counsel was ineffective for failing to object to the breach (Civil 15-1293CCC, d.e. 1). On July 21, 2015, Judgment was entered summarily dismissing Petitioner's § 2255 motion for failing to state a claim upon which relief could be granted (Civil 15-1293CCC, d.e. 8). On August 6, 2015, Petitioner applied in the First Circuit Court for a certificate of appealability in relation to the District Court's denial of his motion pursuant to 28 U.S.C. § 2255 (Civil 15-1293CCC, d.e. 9). On December 11, 2015, the First Circuit Court

issued its Judgment denying Morales Torres' application for certificate of appealability (Civil 15-1293CCC, d.e. 16).

On May 10, 2016, Morales Torres filed in the First Circuit Court an "[a]pplication for permission to file a second or successive motion to vacate" (U.S.C.A. Docket #: 16-1528). On June 2, 2016, the First Circuit Court issued its Judgment in which it denied Morales Torres request for leave to file a second or successive section 2255 motion (d.e. 4 at Attachment 1) and/or (U.S.C.A. Docket #: 16-1528). The court of appeals held that "[i]n order for his application to succeed, Morales Torres must make a *prima facie* showing that the claims he seeks to raise rest on 'newly discovered evidence' or rely on a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Id. The court of appeals concluded that Morales Torres had not met said burden. Id. Petitioner filed a Motion for reconsideration which the First Circuit Court denied and ordered that "[a]s stated in the court's judgment of June 2, 2016, '[t]he . . . denial of an authorization . . . to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.'"  (d.e. 4 at Attachment 2) and/or (U.S.C.A. Docket #: 16-1528).

On June 6, 2016, Morales Torres filed this 28 U.S.C. § 2255 motion seeking that his sentence be vacated under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) (d.e. 1). On September 16, 2016, the Government filed a Motion to Dismiss Petitioner's § 2255 motion for lack of jurisdiction alleging that it is an unauthorized second § 2255 motion (d.e. 4). On September 30, 2016, Petitioner, *pro se*, filed a Motion in support of his § 2255 Petition and in opposition to the Government's Motion to Dismiss (d.e. 5). On November 1, 2016, Petitioner, *pro se*, filed a Supplemental Motion in support of his § 2255 Petition (d.e. 6). On June 23, 2017, the FPD filed on behalf of Morales Torres a Motion to Correct Sentence pursuant to § 2255 and <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), and a Motion to stay proceedings pending a ruling from the First Circuit Court (d.e. 8). In said motion to stay, the FPD informed this Court that on that same date they had filed in the First Circuit Court a "motion to recall the mandate" that denied Morales-Torres' application to file a second or successive 28 U.S.C. § 2255 (d.e. 8). In addition, on July 2, 2019, Petitioner, *pro se*, filed a Supplemental Motion in support of his § 2255 Petition pursuant to the Supreme Court's recent decision in <u>U.S. v. Davis</u>, 139 S. Ct. 2319 (2019) (d.e. 10).

## II. DISCUSSION

On October 17, 2018, the First Circuit Court entered an Order with regards to Morales-Torres' "motion to recall the mandate" in which it held that "the claim pressed in the [successive or second 28 U.S.C. § 2255] motion is foreclosed by recent precedent . . . United States v. Garcia-Ortiz, No. 16-1405, 2018 WL 4403947, at *1 (1st Cir. Sept. 17, 2018) (**federal Hobbs Act robbery, 18 U.S.C. § 1951, qualifies as a crime of violence under the § 924(c)(3)(A) force clause**)." (U.S.C.A. Docket #: 16-1528) (emphasis added). The court of appeals concluded that "to the extent it may be entertained at all, see 28 U.S.C. § 2244(b)(3)(E), the motion [to recall the mandate] is **DENIED**." Id. Therefore, since the First Circuit Court denied once again Morales Torres' attempt to obtain leave to file a second or successive motion to vacate his sentence, his 28 U.S.C. § 2255 motion seeking that his sentence be vacated under Johnson is dismissed.

Finally, in light of the force-clause basis of the aforementioned First Circuit Court's ruling denying Morales Torres' "motion to vacate the mandate", his Supplemental Motion in support of his § 2255 Petition pursuant to the Supreme Court's recent decision in U.S. v. Davis, 139 S. Ct. 2319 (2019)[2] is

---

[2] In U.S. v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of 18 U.S.C. § 924(C)(3)(B)'s crime of violence definition is unconstitutionally vague.

not appropriate.

## III. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated, Osvaldo Morales Torres' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) is **DENIED**. This case is DISMISSED, WITH PREJUDICE. Judgment shall be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on September 26, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge